IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-20003-JWL |
| ) | |
| ROBERT HOLCOMB, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

The pro se defendant, Robert Holcomb, has filed a motion (**doc. 46**) claiming certain property is exempt from garnishment. He also contends that the government cannot collect the entire amount of restitution in a single payment because the judgment entered at sentencing set forth a schedule of payments. The presiding U.S. District Judge, John W. Lungstrum, referred this matter to the undersigned U.S. Magistrate Judge, James P. O'Hara, for the issuance of a report and recommendation (doc. 48). For the reasons discussed below, the undersigned hereby recommends that Mr. Holcomb's objections to the garnishment be overruled.

**I. Background**

Mr. Holcomb pleaded guilty to robbing the Gold Bank in Prairie Village, Kansas in violation of 18 U.S.C. § 2113(a) (docs. 19–20). On June 25, 2008, he was sentenced to seventy months imprisonment and ordered to pay $7658 in restitution and a $100 special assessment (doc. 22). The court ordered a payment plan that read in pertinent part:

> Payment to begin immediately . . . may be combined with (D) payment of not less than 10% of the funds deposited each month into the inmate's trust fund account and monthly installments of not less than 5% of the defendant's monthly gross household income over a period of three years, to commence thirty days after release from imprisonment to a term of supervision, and (F) if restitution is ordered, the Clerk, U.S. District Court, may hold and accumulate restitution payments, without distribution, until the amount accumulated is such that the minimum distribution to any restitution victim will not be less than $25. . . . Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.

(doc. 22, at 6). To date, Mr. Holcomb has not made any payments toward the restitution or assessment.

On August 6, 2012, the United States filed an application for a writ of continuing garnishment (doc. 39) directed to Judy Yates.[1] Ms. Yates, the garnishee and personal representative of the estate of James M. Yates, filed an answer to the writ (doc. 45). In her answer, Ms. Yates stated that Mr. Holcomb has a beneficial interest in Mr. Yates's estate valued at approximately $10,350.90.

Mr. Holcomb then timely objected to the garnishee's answer (doc. 46), contending his inheritance is exempt from garnishment and requesting a hearing on the matter. In response (doc. 47), the government correctly notes that the objecting party carries the burden of proving any objections to the execution of garnishment under 28 U.S.C. § 3205(c)(5). And because Mr. Holcomb's motion fails to identify "which exemption he believed was applicable," the government argues that he failed to meet his burden. In his

---

[1] 28 U.S.C. § 3205.

reply, however, Mr. Holcomb claims his inheritance is exempt from garnishment under 18 U.S.C. § 3613(a)(1) and 26 U.S.C. § 6334(a)(1–3) as follows: $500 for wearing apparel and school books; $2500 for fuel, provisions, furniture and personal effects; and $1250 for books and tools of a trade, business, or profession (doc. 51). The government then filed what amounts to a sur-reply (doc. 54),[2] contending Mr. Holcomb's inheritance is entirely monetary, so none of the exemptions he identified are applicable. The exemptions set forth in 26 U.S.C. § 6334(a), the government argues, apply to specific items of tangible property owned by the judgment debtor, not to a sum of money that the judgment debtor could then use to purchase the items. Thus, the government contends, Mr. Holcomb's inheritance is not exempt from garnishment.

On October 9, 2012, the court held an evidentiary hearing to determine the nature of Mr. Holcomb's inheritance and whether the inheritance is exempt from garnishment. At the hearing, Mr. Holcomb acknowledged his inheritance is entirely monetary. Nonetheless, he contends the money is exempt from garnishment because he plans to purchase exempt items such as clothes, furniture, and books. Second, Mr. Holcomb

---

[2] The government did not seek leave from the court as required by the District of Kansas local rules. *Cochran v. Raytheon Aircraft Co.*, No. 04-1172, 2005 WL 1266586, at *1 n.1 (D. Kan. May 16, 2005) ("Surreplies are not contemplated by the rules of the court, are both disfavored and exceptional, and will be stricken when filed without express permission of the court.") (internal citations omitted). However, because Mr. Holcomb's reply raised new issues, and because both parties exercised an additional opportunity to be heard on the matter at the October 9, 2012 evidentiary hearing, the court will consider the government's filing. The parties are directed to follow the local rules in the future.

argues that the government cannot collect the entire amount of garnishment in a single, lump sum because the judgment entered at his sentencing set forth a schedule of payments for the restitution.

**II. Discussion**

Under the Mandatory Victims Restitution Act (MVRA), a defendant convicted of a crime in federal court may be ordered to make restitution to any victims.[3] Where a criminal judgment imposes a fine, the United States may enforce the judgment in the same manner as enforcing a civil judgment.[4] All provisions available to the United States for the enforcement of a judgment are also available for the enforcement of an order of restitution.[5] The United States may, for example, seek a writ of garnishment to satisfy an order of restitution.[6] "A court may issue a writ of garnishment against property . . . in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor."[7]

---

[3] *See* 18 U.S.C. §3663(a)(1)(A).

[4] 18 U.S.C. § 3613(a).

[5] *See* 18 U.S.C. § 3613(f).

[6] Federal Debt Collection Practices Act, 28 U.S.C. § 3205.

[7] § 3205(a).

After obtaining a writ of garnishment, the United States must serve the writ both to the judgment debtor and to the garnishee.[8] The garnishee must submit an answer to the writ, identifying, in part, any property in her custody, control or possession that is subject to the writ.[9] Within twenty days of the garnishee's answer, the judgment debtor or the United States may file a written objection to the garnishee's answer and request a hearing on the matter.[10] The party objecting to the garnishment bears the burden of showing they are entitled to relief.[11]

18 U.S.C. § 3613(a) provides that the only property exempt from garnishment is property the government cannot seize to satisfy the payment of federal income taxes.[12] 26 U.S.C. § 6334(a)(1–8), (10), and (12) identifies the categories of property exempt from levy for taxes. Here, Mr. Holcomb contends that his inheritance is exempt from garnishment under § 6334(a)(1–3), which states:

> There shall be exempt from levy—
>
> (1) Wearing apparel and school books. Such items of wearing apparel and such school books as are necessary for the taxpayer or for members of his family;

---

[8] § 3205(c)(3).

[9] § 3205(c)(4).

[10] § 3205(c)(5).

[11] *Id.*

[12] *United States v. Himebaugh*, No. 02-0077, 2007 WL 1462430, at *1 (N.D. Okla. May 17, 2007); *United States v. Rice*, 196 F. Supp. 2d 1196, 1199 (N.D. Okla. 2002).

(2) Fuel, provisions, furniture, and personal effects. So much of the fuel, provisions, furniture, and personal effects in the taxpayer's household, and of the arms for personal use, livestock, and poultry of the taxpayer, as does not exceed $6,250 in value;

(3) Books and tools of a trade, business, or profession. So many of the books and tools necessary for the trade, business, or profession of the taxpayer as do not exceed in the aggregate $3,125 in value.

Each of these exemptions is inapplicable here because Mr. Holcomb's inheritance is entirely monetary. As the government correctly points out, the exemptions set forth in § 6334(a)(1–3) apply to a person's tangible assets, not to money that may be used to purchase such tangible items.[13] Because Mr. Holcomb's inheritance is entirely monetary, it is not exempt from garnishment under § 6334(a)(1–3). Accordingly, the court recommends that Mr. Holcomb's first objection to the garnishment be overruled.

The court now turns to the issue of whether the government may collect the entire amount of restitution due through the garnishment of Mr. Holcomb's inheritance, notwithstanding the schedule of payments set forth in the judgment. Here, Mr. Holcomb argues that the sentencing court opted to enter a schedule of payments because of his poor economic circumstances. Mr. Holcomb asserts that his economic circumstances have not improved, thus, it would be unreasonable for the government to collect the entire amount of restitution in a lump sum.

---

[13] *See United States v. Bank of America*, No. 10-57.21, 2011 WL 1483716, at **4–5 (E.D. Tex. Mar. 28, 2011) (finding money in bank account is not exempt from garnishment under § 6334(a)(1–3 & 5)); *United States v. Daniel*, No. 07-50082, 2007 WL 2178324, at *1 (E.D. Mich. July 27, 2008) (finding money is not exempt from garnishment under § 6334(a)(2)).

"[A] court-ordered payment plan does not preclude the government from pursuing other avenues to recover the restitution."[14] Under the MVRA,

> [i]f a person obligated to provide restitution, or pay a fine, receives substantial resources from any source, including *inheritance*, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed.[15]

Based on this provision, where a criminal defendant receives an inheritance while incarcerated, the government may levy the inheritance to satisfy the full amount of the restitution order, without regard to any payment schedule set forth in the judgment.[16] Accordingly, the government may garnish $7758[17] in satisfaction of the judgment entered

---

[14] *United States v. Cooper*, No. 02-40069, 2006 WL 3512936, at *3 (D. Kan. Nov. 1, 2006).

[15] 18 U.S.C. § 3664(n) (emphasis added).

[16] *See, e.g.*, *Cooper*, 2006 WL 3512936, at *3 (even where a criminal defendant is in compliance with a court-ordered payment plan, the government may garnish the defendant's settlement funds to satisfy an order of restitution); *United States v. James*, 312 F. Supp. 2d 802, 806 (E.D. Va. 2004) ("While a schedule of $150 per month was put in place in the event restitution was not paid immediately, the existence of this schedule does not mean that the government is precluded from pursuing other avenues of ensuring that defendant's restitution obligation is satisfied."); *United States v. Bedonie*, 317 F. Supp. 2d 1285, 1331 (D. Utah 2004), *rev'd and remanded on other ground by United States v. Bedonie*, 413 F.3d 1126 (10th Cir. 2005) ("[T]he MVRA contains an enforcement provision that seems to envision restitution orders that are due in full immediately. . . [A] crime victim [may] convert immediately the restitution order into a judgment for the full amount of the order, apparently without regard to any payment schedule that the court might set.").

[17] Any money received from a criminal defendant is disbursed in the following order: (1) a penalty assessment under 18 U.S.C. § 3013; (2) restitution of all victims; (3) all other fines, penalties, costs, and other payments required under the sentence. 18 U.S.C. §

against Mr. Holcomb for robbing the Gold Bank in Prairie Village, Kansas. The undersigned recommends that Mr. Holcomb's second objection to the garnishment be overruled.

Finally, the court acknowledges that the presiding judge may "at any time on its own initiative or the motion of an interest person . . . make an order denying, limiting, conditioning, regulating, extending, or modifying the use of any enforcement procedure under this chapter"[18] A number of courts have interpreted this provision as granting discretion to modify a garnishment based on the specific financial circumstances of the defendant.[19]

After careful consideration of the defendant's circumstances, the undersigned is wholly unpersuaded that a modification of the restitution order is warranted. Mr. Holcomb committed a crime for financial gain. He pleaded guilty and was properly sentenced under the statutory framework and the United States Sentencing Guidelines. As the old adage goes, "crime doesn't pay." Mr. Holcomb should not be permitted to

---

3612(c). As such, the government may garnish $100 in satisfaction of the penalty assessment so that the full amount of restitution— $7658—is paid to the victims.

[18] 28 U.S.C. § 3013.

[19] *See, e.g.*, *United States v. Ogburn*, 499 F. Supp. 2d 28, 30–32 (D.D.C. 2007) (temporarily suspending garnishment based on defendant's inability to pay); *United States v. Kaye*, 93 F. Supp. 2d 196, 199 (D. Conn. 2000) (court has discretion to modify garnishment); *United States v. Crowther*, 473 F. Supp. 2d 729, 731 (N.D. Tex. 2007) (same); *United States v. George*, 144 F. Supp. 2d 161, 164–65 (E.D.N.Y. 2001) (court has discretion to reduce the garnishment amount).

forego payment of the entire amount of restitution when he clearly has the money available for payment.[20]

### III. Right to File Objections

Mr. Holcomb is hereby informed that, within 14 days after he is served with a copy of this report and recommendation, he may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Crim. P. 59(b)(2), file written objections to this report and recommendation. Mr. Holcomb must file any objections within the 14 day period allowed if he wants to have appellate review of the proposed findings of fact, conclusions of law, or the recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

IT IS SO ORDERED.

Dated October 26, 2012, at Kansas City, Kansas.

s/James P. O'Hara
James P. O'Hara
U. S. Magistrate Judge

---

[20] Both parties acknowledge that Mr. Holcomb will retain $2592.90 in inheritance funds over and above the amount of restitution and penalties due. If Mr. Holcomb seeks to have $2592.90 released from the writ of garnishment, he shall file a formal motion requesting the immediate release of those funds.